UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY N.,

           Plaintiff,

           v.                                    **DECISION AND ORDER**
                                                         20-CV-1552S
COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.        Plaintiff Anthony N.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since April 14, 2017, due to various physical conditions involving his back. Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

        2.        Plaintiff applied for supplemental security income on June 12, 2017. After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Mary Mattimore on December 2, 2019. At the time of the hearing, Plaintiff was 41 years old with a limited education and past relevant work as a punch press operator and forklift operator. The ALJ considered the case *de novo* and, on January 28, 2020, issued a written decision denying Plaintiff's applications for benefits. The Appeals Council thereafter denied Plaintiff's request for review on September 14, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on October 22, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 28, 2022. (Docket Nos. 10, 11, 13, 14.) The Clerk of Court assigned the case here on April 4, 2022. (Docket No. 15.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's January 28, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

>perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 12, 2017, the application date (R. at 55-56[3]); (2) Plaintiff's degenerative disc disease of the lumbar spine, lumbago with sciatica left and right sided, L5 radiculopathy, spondylosis without myelopathy or radiculopathy, lumbar, leg pain, chronic pain, gait abnormality, paresthesia and bilateral extremity weakness and numbness, were severe impairments within the meaning of the Act (R. at 56); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 56-57); (4) Plaintiff retained the residual

---

[3] Citations to the underlying administrative record are designated as "R."

functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with certain limitations[4] (R. at 57-64); (5) Plaintiff could not perform his past relevant work as a punch press operator or forklift operator (R. at 64); and, (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given his age, education, work experience, and RFC (R. at 65-66). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from June 12, 2017, through January 28, 2020. (R. at 54, 66.)

13.  Plaintiff lodges a single challenge to the ALJ's decision. He argues that the ALJ erred by not incorporating certain limitations from Dr. Nikita Dave's opinion into his RFC, despite finding Dr. Dave's opinion persuasive. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

14.  Dr. Dave examined Plaintiff on October 25, 2017. (R. at 371-74.) After full examination, Dr. Dave diagnosed Plaintiff with low back pain and bilateral lower extremity pain, numbness, tingling, and giving out. (R. at 374.) She opined that Plaintiff must avoid ladders and heights, which the ALJ accounted for in the RFC. (R. at 374.) She also opined that Plaintiff may have moderate to marked limitations for prolonged standing, walking, and climbing; and may have mild to moderate limitations for sitting, lifting, carrying, pushing pulling, bending, and twisting through the lumbar spine. Id.

---

[4] The limitations consist of the following: "claimant can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; the claimant can only occasionally climb ramps, stairs and stoop; the claimant requires the use of a cane for ambulation and balance; the claimant can balance on smooth flat surfaces, not rough or uneven surfaces; the claimant cannot be exposed to workplace hazards such as unprotected heights and moving mechanical parts; due to pain and side effects of medications, the claimant can only perform simple routine work and make simple workplace decisions." (R. at 57.)

15. The ALJ found Dr. Dave's opinion persuasive, despite being "vaguely expressed," because it was rendered by an acceptable medical source with program knowledge and was supported by a detailed physical examination. (Tr. at 63.) The ALJ also found that Dr. Dave's opinion was "consistent with the correlating clinical findings, which reflect grossly normal neurological findings in gait, station, coordination, fine motor dexterity and grip strength and sensation and reflexes." Id. The ALJ further found Dr. Dave's opinion persuasive because it was "consistent with the longitudinal treatment records . . . including [Plaintiff's] conservative and routine medication treatment, as well as the grossly normal findings upon examinations, and [Plaintiff's] wide-range of activities of daily living including work activity during some of the period." Id. That work history included Plaintiff working in construction for a significant period performing such tasks as carrying shingles (over 50 lbs.), tearing off roofing materials, and hanging drywall. (R. at 55.)

16. As set forth in the regulations, "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967 (a). Plaintiff faults the ALJ for failing to include—and failing to explain why she did not include—limitations in the RFC corresponding to Dr. Dave's opinions concerning Plaintiff's ability to engage in prolonged standing, walking and climbing; and sitting, lifting, carrying, pushing, pulling, bending, and twisting through the lumbar spine. Id.

17. Having thoroughly reviewed the record, this Court finds no error. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record. See 20 C.F.R. § 416.945 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. 20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases). While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016). In explaining RFC findings, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and is not precluded from crediting only portions of a medical opinion, see Younes v. Colvin, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015), but must explain why a medical opinion was not adopted if the RFC assessment conflicts with it, see Dioguardi, 445 F. Supp. 2d at 297. Finally, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. See Rosa, 168 F.3d at 79.

9

18. Here, the ALJ properly considered Dr. Dave's treatment records and opinion, which she described in detail in her decision. (R. at 60, 62-63, 64.) As it relates to the first challenged limitation—that Plaintiff may have moderate to marked limitations for prolonged standing, walking, and climbing—this Court finds no error in the ALJ's decision not to include such an express limitation in the RFC. First, these suggested limitations are already accounted for, as sedentary work does not require prolonged standing, walking, or climbing. See Social Security Ruling 96-9p, 1996 WL 374185, at *9 n. 8 (S.S.A. July 2, 1996) (noting that walking and standing are required only occasionally in sedentary work). Second, the RFC contains specific limitations on walking and climbing that are consistent with Dr. Dave's opinion. (R. at 57 (precluding climbing of ladders, ropes, or scaffolds; precluding exposure to unprotected heights; allowing only occasional climbing of ramps and stairs; requiring the use of a cane for ambulation and balance).) This Court therefore finds no error.

19. As it relates to the second challenged limitation—that Plaintiff may have mild to moderate limitations for sitting, lifting, carrying, pushing pulling, bending, and twisting through the lumbar spine—this Court again finds no error. First, a mild to moderate limitation in sitting is not necessarily inconsistent with an RFC for sedentary work. See Ali S. M. v. Comm'r of Soc. Sec., No. 1:20-cv-1487 (WBC), 2022 WL 23223, at *4 (W.D.N.Y. Jan. 3, 2022); Lisa P. v. Comm'r of Soc. Sec., No. 19-cv-1155-FPG, 2021 WL 826715, at *3 (W.D.N.Y. Mar. 4, 2021) (collecting cases). Second, sedentary work does not require significant pushing or pulling. See 20 C.F.R. § 416.967 (a); SSR 96-9p, at *6 ("Limitations on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base."); Vesenske-Margage v. Berryhill, No. 1:16-cv-

500 (MAT), 2017 WL 4112021, at *5 (W.D.N.Y. Sept. 18, 2017) (finding that pushing and pulling are not required to perform sedentary work). Third, in considering Plaintiff's need for RFC limitations, the ALJ found that no restrictions beyond those set out were necessary given Plaintiff's strenuous work activity during the relevant period, his wide-range of activities of daily living, his conservative treatment modalities, and his grossly normal objective findings upon examination. (R. at 62.)

20. Overall, this Court finds that the ALJ did not err in expressly adopting the two challenged limitations discussed above. The RFC reasonably accommodates Plaintiff's demonstrated physical limitations, and there is no requirement that the RFC limitations exactly match a given medical opinion. See Rosa, 168 F.3d at 79 ("the ALJ's RFC finding need not track any one medical opinion). Consequently, this Court finds that the ALJ properly considered Dr. Dave's opinion, sufficiently incorporated it into the RFC, and adequately explained her reasoning. Plaintiff's argument is therefore rejected.

21. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     May 26, 2022
              Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
